

U.S. Department of Justice

*Joshua S. Levy*
*First Assistant United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 18, 2022

Mark W. Shea, Esq.
Shea and LaRocque
929 Massachusetts Ave.
Suite 200
Cambridge MA 02139-3134

    Re:    United States v. Omari Peterson,
            Criminal No. 21-cr-10197-DPW

Dear Attorney Shea:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Omari Peterson ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    Change of Plea

      At the earliest practicable date, Defendant will plead guilty to all counts of the Indictment: Count One, Distribution of and Possession with Intent to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Two, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1); and Count Three, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

      The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. § 924(c) based on the conduct underlying the crimes charged in this case that is known to the U.S. Attorney at this time.

    2.    Penalties

Defendant faces the following maximum penalties:

1

For Count One, alleging a violation of 21 U.S.C. § 841(a)(1): incarceration for 20 years; supervised release for at least 3 years, up to a maximum of life; a fine of up to $1,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Information.

For Count Two and Count Three, alleging violations of 18 U.S.C. § 922(g)(1): incarceration for 10 years; supervised release for 3 years; a fine of up to $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Information.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.  Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.  Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 28:

   a) Counts Two and Three form a single group (Group One) and Count One forms a separate group (Group Two) (USSG § 3D1.2);

   b) Defendant's base offense level on Group One is 22, because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine; and Defendant committed the instant offense subsequent to sustaining one felony conviction of a controlled substance offense (USSG § 2K2.1(a)(3);

   c) Defendant's offense is increased by 4 because the offense involved between 8 and 24 firearms. (USSG § 2K2.1(b)(1)(B));

   d) Defendant's offense is increased by 2 because one of the firearms was stolen (USSG § 2K2.1(b)(4)(A));

e) Defendant's base offense level for Group Two is 18 because Defendant is responsible for 12.7 grams of cocaine base and 2.2 grams of cocaine, which is 45 kilograms of convertible drug weight (USSG § 2D1.1(c)(11));

f) Because Group Two is more than eight levels less serious than Group One, it does not score (USSG § 3D1.4); and

g) Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the U.S. Attorney agrees to recommend that the Court reduce Defendant's Adjusted Offense Level by 3 levels under USSG § 3E1.1.

The U.S. Attorney will inform the Court that the Department of Justice supports elimination of the powder-to-crack sentencing disparity and that the Court may, consistent with the law and current sentencing framework, consider whether the powder-to-crack disparity is warranted in assessing the Section 3553(a) factors, including in light of the reasoning set forth in testimony provided to Congress by the Department on June 22, 2021. However, regardless of the powder-to-crack sentencing disparity, the drug conviction does not affect the Guidelines calculation.

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

The parties agree on the following sentence:

a) Incarceration within a range of 66 to 90 months;

a) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

b) 36 months of supervised release;

c) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

d) forfeiture as set forth in Paragraph 6.

6. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a) $1,064.00 in U.S. Currency, seized from Defendant's person;

b) fourteen (14) rounds of .380 ammunition;

c) a metal grey T-Mobile phone with a navy case, IMEI: 015734000342235;

d) a blue Samsung cell phone, IMEI: 35840100300311;

e) $165.00 in U.S. Currency, seized from Defendant's residence;

f) two (2) boxes of American Eagle 9mm ammunition, containing 100 rounds of 9mm ammunition;

g) a silver and black Sig Sauer P220 pistol, serial number 37B024556;

h) eight (8) rounds of .45 caliber ammunition;

i) a black Ruger LCP .380 pistol, serial number 371320844;

j) six (6) rounds of .380 ammunition;

k) one (1) box of Winchester 9mm ammunition, containing twelve (12) rounds of 9mm ammunition;

l) a black firearm magazine, capable of holding sixteen (16) rounds of ammunition, holding ten (10) rounds of 9mm ammunition;

m) $9,770.00 in U.S. Currency, seized from Defendant's storage unit;

n) a black Samsung Android cell phone, IMEI 356274100615864;

o) a black LG cell phone, IMEI 352439105343648;

p) a black Smith & Wesson 9mm pistol, serial # HKT5853, with two (2) magazines;

q) sixteen (16) rounds of 9mm ammunition;

r) a black Beretta 96 .40 caliber pistol, serial # BER218953;

s) a black Glock 17C pistol, serial # TWE973, with one (1) magazine, containing eighteen (18) rounds of 9mm ammunition;

t) a black Glock 30 .45 caliber pistol, serial # BCET398;

u) two (2) rounds of .45 caliber ammunition;

v) a black Ruger SR40 pistol, serial # 34288194, with one (1) magazine, containing nine (9) rounds of .40 caliber ammunition;

w) a silver Ruger .357 magnum revolver, serial # 57684918;

x) five (5) rounds of .357 caliber ammunition;

y) three (3) firearm magazines, including a black Glock firearm magazine, capable of holding 31 rounds of 9mm ammunition and containing seventeen (17) rounds of 9mm ammunition; and

z) a speed loader, as well as a box of ammunition, loose ammunition, gun boxes and several miscellaneous gun parts.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense, they were used to facilitate Defendant's offense, and/or they were involved in or used in any knowing commission of Defendant's offenses. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture

are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John T. Dawley, Jr.

Sincerely,

JOSHUA S. LEVY
First Assistant United States Attorney

By: /s/ Timothy E. Moran
TIMOTHY E. MORAN
Chief, Organized Crime and Gang Unit
MICHAEL J. CROWLEY
Deputy Chief, Organized Crime and Gang Unit

/s/ John T. Dawley, Jr.
JOHN T. DAWLEY, JR.
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Omari Peterson
Defendant

Date: 2/10/2022

I certify that Omari Peterson has read this Agreement and that we have discussed what it means. I believe Omari Peterson understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Mark W. Shea, Esq.
Attorney for Defendant

Date: 2/11/22